

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00043-CR
_____

MARISSA ANN FLOWERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28135

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After Marissa Ann Flowers pled true to allegations in the State's motion to revoke her community supervision[1] on grounds including her use of alcohol and methamphetamine, Flowers' community supervision was revoked, she was sentenced to eight years' confinement on each count, and she was ordered to pay the fines, fees, and costs previously assessed when she was placed on community supervision. Flowers appeals.

Flowers' attorney on appeal has filed a brief stating that he has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history and summarizes the evidence elicited during the course of the trial proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, he has met the requirements of law. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

By letter dated June 4, 2019, counsel mailed to Flowers a copy of the brief, the appellate record, and the motion to withdraw. Flowers was informed of her right to review the record and file a pro se response. Flowers has filed a pro se brief. While it complains about several matters,

---

[1]The community supervision was ordered after Flowers pled guilty to four counts of credit card or debit card abuse of an elderly individual, a third-degree felony. *See* Tex. Penal Code Ann. § 32.31(d). Flowers was sentenced to ten years' imprisonment on each count and, on the first count, was ordered to pay a $500.00 fine, $92.42 in restitution to her victim, court costs, and attorney fees. However, pursuant to her plea agreement, Flowers' sentences were suspended in favor of placing her on community supervision for five years.

including her counsel, an order committing her to a substance abuse felony punishment facility during the pendency of the case, and alleged bias on the part of the trial judge, Flowers' pro se brief fails to cite any authority or raise a genuinely arguable issue.

However, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non-reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. denied) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). The appellate record reflects that Flowers pled true to the State's allegation that she ingested alcohol and tested positive for methamphetamine. However, the trial court's judgments recite that Flowers pled not true to the revocation motion. To make the record reflect the truth, we modify the trial court's judgments to reflect Flowers' pleas of true to the motion. We have independently reviewed the entire appellate record, counsel's brief, and Flowers' pro se brief. Like her counsel, we have concluded that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

3

We modify the trial court's judgments to reflect Flowers' pleas of true to the revocation motion. We affirm the judgments of the trial court, as modified.[2]

Josh R. Morriss, III
Chief Justice

Date Submitted: July 10, 2019
Date Decided: July 11, 2019

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.